# UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# WESTERN DIVISION

BOBBY JOE HAMM, )
)
    Petitioner, )
) Case No. 14-0482-CV-W-BP-P
vs. )
)
LARRY DENNEY, )
)
    Respondent. )

## OPINION AND ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS AND DENYING THE ISSUANCE OF A CERTIFICATE OF APPEALABILITY

Petitioner, a convicted state prisoner currently confined at the Crossroads Correctional Center in Cameron, Missouri, has filed *pro se* this federal petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner challenges his 2011 conviction and sentence for first-degree statutory rape, which was entered in the Circuit Court of Lafayette County, Missouri. Petitioner did not file a direct appeal from his conviction and sentence. Petitioner's motion for post-conviction relief filed pursuant to Mo. Sup. Ct. R. 24.035 was denied (Resp. Ex. F), as was his appeal therefrom (Resp. Ex. J).

Petitioner raises two grounds for relief in the current petition: (1) he is actually innocent of first degree statutory rape; and (2) guilty plea counsel was constitutionally ineffective because he assured petitioner that an "open" plea would result in a sentence of no more than 15 years. Doc. No. 1, pp. 6, 8. Respondent argues that Ground 1 was procedurally defaulted and/or fails to state a ground for relief because petitioner fails to allege a constitutional violation in the underlying state criminal proceedings and that Ground 2 is without merit. Doc. No. 8, pp. 5-7, 8-10.

## FACTUAL BACKGROUND

The state court, in denying petitioner's motion for post-conviction relief, set forth the following facts:

> On September 7, 2010, [petitioner] was arraigned on the indictment in 10LF-CR00132-01. That indictment charged [petitioner] with nine counts of statutory rape in the first degree and seven counts of statutory rape in the second degree.
>
> On May 4, 2011, the State filed an amended information in lieu of indictment. That information charged [petitioner] with two counts of statutory rape in the first degree and one count of statutory rape in the second degree. Movant entered an open plea of guilty to one count of statutory rape in the first degree, which was alleged to have happened between November 1, 2008 and April 7, 2009. The State dismissed the other two counts. This Court ordered a sentencing assessment report and continued the case for sentencing hearing.
>
> On June 20, 2011, this Court sentenced [petitioner] to Life in the Missouri Department of Corrections, with that sentence to run concurrently with a sentence he received in [another case]. [Petitioner] was delivered to the Department of Corrections on June 28, 2011.

Resp. Ex. F, pp. 1-2.

Before the state court findings may be set aside, a federal court must conclude that the state court's findings of fact lack even fair support in the record. *Marshall v. Lonberger*, 459 U.S. 422, 432 (1983). Credibility determinations are left for the state court to decide. *Graham v. Solem*, 728 F.2d 1533, 1540 (8th Cir. en banc), *cert. denied*, 469 U.S. 842 (1984). It is petitioner's burden to establish by clear and convincing evidence that the state court findings are erroneous. 28 U.S.C. § 2254(e)(1).[1] Because the state court's findings of fact have fair support in the record and because petitioner has failed to establish by clear and convincing evidence that the state court findings are erroneous, the Court defers to and adopts those factual conclusions.

## ACTUAL INNOCENCE

In Ground 1, petitioner claims that he is actually innocent of the crime for which he was convicted. Specifically, petitioner claims that he is innocent of the Lafayette County first-degree statutory rape conviction to which he pled guilty because he was not intimate with the victim in

---

[1] In a proceeding instituted by an application for writ of habeas corpus by a person in custody pursuant to a judgment of a State court, a determination of a factual issue made by a State court shall be presumed to be correct. The applicant shall have the burden of rebutting the presumption of correctness by "clear and convincing evidence." 28 U.S.C. § 2254(e)(1).

2

Case 4:14-cv-00482-BP   Document 19   Filed 12/12/14   Page 2 of 9

Lafayette County until she was at least 14 years old[2], Doc. No. 1, p. 5, and because the victim was in juvenile custody in Jackson County, Missouri, most of the time period (8 months) during which the crime was alleged to have happened. Doc. No. 11, p. 1. Petitioner states that he "was convinced to give guilty plea to 1st degree and that it was in [his] best interest by [his] public offender." Doc. No. 1, p. 5. Respondent contends that petitioner procedurally defaulted this claim and, alternatively, that it is without merit.

"A habeas petitioner is required to pursue all available avenues of relief in the state courts before the federal courts will consider a claim." *Sloan v. Delo*, 54 F.3d 1371, 1381 (8th Cir. 1995). "[S]tate prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process" before presenting those issues in an application for habeas relief in federal court. *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999). "If a petitioner fails to exhaust state remedies and the court to which he should have presented his claim would now find it procedurally barred, there is a procedural default." *Sloan* at 1381.

Petitioner did not raise his claim of actual innocence on direct appeal or in his post-conviction proceeding and, as such, his claim is procedurally defaulted. *Sweet v. Delo*, 125 F. 3d 1144, 1149 (8th Cir. 1996), *cert*. denied, 523 U.S. 1010 (1998). A federal court may not review procedurally defaulted claims "unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice." *Coleman v. Thompson*, 501 U.S. 722, 750 (1991).

To claim that his procedural default resulted in a fundamental miscarriage of justice, a petitioner must present new evidence that affirmatively demonstrates he is innocent of the crime for which he was convicted. *Abdi v. Hatch*, 450 F.3d 334, 338 (8th Cir.), *cert. denied*, 549 U.S. 1036 (2006). Claims of

---

2 RSMo 566.032(1) states "A person commits the crime of statutory rape in the first degree if he has sexual intercourse with another person who is less than fourteen years old."

3

actual innocence require habeas petitioners to provide new, reliable evidence that was not presented at trial. *Schlup v. Delo*, 513 U.S. 298, 324 (1995). Evidence is new only if it was unknown to petitioner at the time of trial, due diligence would not have uncovered the evidence, the evidence is material, and the emergence of the new evidence would probably have led to an acquittal. *United States v. Baker*, 479 F.3d 574, 577 (8th Cir. 2007). Specifically, the petitioner must demonstrate that, in light of the new evidence, it is more likely than not that no reasonable juror would have found him guilty beyond a reasonable doubt. *House v. Bell*, 547 U.S. 518, 538 (2006).

In a recent decision, the United States Court of Appeals for the Eighth Circuit summarized:

> The Supreme Court has not decided whether a persuasive demonstration of actual innocence after trial would render unconstitutional a conviction and sentence that is otherwise free of constitutional error. *See House v. Bell*, 547 U.S. [at] 554-55[ ]. The Court has established, however, that the threshold for any such [freestanding] claim, if it were recognized, would be "extraordinarily high." *Herrera v. Collins*, 506 U.S. 390, 417(1993). The threshold, if it exists, would require "more convincing proof" than the "gateway" standard that allows for consideration of otherwise defaulted constitutional claims upon a showing of actual innocence. *House*, 547 U.S. at 555; *see Schlup v. Delo*, 513 U.S. 298, 315 (1995). Thus, on a freestanding claim of actual innocence, it is not sufficient that a petitioner shows even that it is "more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt." *Id*. at 327. The "extraordinarily high" threshold, if recognized, would be even higher. *House*, 547 F. 3d at 555."

*Dansby v. Hobbs*, 766 F. 3d 809, 816 (8th Cir. 2014).

In contrast to such a freestanding claim of actual innocence, a gateway claim of actual innocence requires that petitioner allege both: (1) newly discovered evidence establishing the offender's innocence; and (2) an independent constitutional violation occurring in the underlying state criminal proceeding. *Herrera v. Collins*, 506 U.S. at 400; *see also Meadows v. Delo*, 99 F.3d 280, 283 (8th Cir. 1996). This rule is grounded in the principle that federal habeas courts sit to ensure that individuals are not imprisoned in violation of the Constitution – not to correct errors of fact." *Herrera*, 506 U.S. at 400 (citing *Moore v. Dempsey*, 261 U.S. 86, 87-88 (1923) ("[W]hat we have to deal with [on habeas review]

4

is not the petitioners' innocence or guilt but solely the question whether their constitutional rights have been preserved.")). As to a claim of actual innocence under *Schlup,* it is "not itself a constitutional claim, but instead a gateway through which a habeas petitioner must pass to have his otherwise barred constitutional claim considered on the merits." *Schlup*, 513 at 315. However, the Supreme Court cautioned in *McQuiggin v. Perkins*, 133 S. Ct. 1924, 1928 (2013), that "tenable actual-innocence gateway claims are rare."

In this case, petitioner does not specify whether he is stating a freestanding or a gateway claim of actual innocence. Petitioner merely claims that his son told him that the victim says that she was persuaded by the prosecution and her mother to allege that that she and petitioner were physically intimate while they lived in Lafayette County and that she now wants to tell the truth and would testify that they were not physically intimate in Lafayette County. Doc. No. 11, pp. 1-2.

Petitioner, however, provides the Court only a list of facts which purport to prove his innocence. Doc. No. 1 at 5. Petitioner does not provide any actual evidence that shows that these facts are true - he does not offer affidavits or incarceration records of his victim. Petitioner states that he does not know how to acquire an affidavit from the victim and that he does not want to contact the victim because he wants any testimony to "be hers and hers alone." Doc. No. 18, p. 2. More importantly, petitioner does not demonstrate, as he apparently seeks to do, that the time period for first degree statutory rape while the victim was under the age of 14 years old could not have occurred in Lafayette County. Rather, he merely states that it would have been a very short period of time that he was with the victim in Lafayette County while she was under the age of 14 years old and that respondent has failed to address the timeline of the victim's location when she was under the age of 14 years old. Doc. No. 11, p. 1; Doc. No. 18, p. 2.

5

Even if petitioner had provided actual evidence, he makes no showing that this evidence was unknown to him when he pled guilty or that it could not have been obtained through due diligence. Although petitioner contends that his public defender misled him into pleading guilty, petitioner also states that such claim has **not** been procedurally defaulted. Doc. No. 18, pp. 2-3. Thus, consideration of petitioner's claim of actual innocence would not be a gateway for a review of an otherwise procedurally barred constitutional claim as in *Herrera,* 506 U.S. at 400. As either a freestanding claim or as a gateway claim of actual innocence, petitioner's Ground 1 will be denied.

## INEFFECTIVE ASSISTANCE OF COUNSEL

In Ground 2, petitioner claims that his guilty plea counsel was ineffective because counsel represented to him that he would not receive a sentence longer than 15 years if he entered an "open" guilty plea. Respondent contends that petitioner's claim is without merit and that this Court should defer to the state court decisions on the matter. Petitioner raised Ground 2 in his Rule 24.035 motion for post-conviction relief (Resp. Ex. F) and his appeal therefrom (Resp. Ex. J).

In order for petitioner to successfully assert a claim for ineffective assistance of counsel, petitioner must demonstrate that his attorney's performance "fell below an objective standard of reasonableness" and that "the deficient performance" actually prejudiced him. *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984). This Court, moreover, may not grant habeas relief unless the state appellate court's decision "was contrary to, or an unreasonable application of, the standard articulated by the [United States] Supreme Court in *Strickland*." *Owens v. Dormire*, 198 F.3d 679, 681 (8th Cir. 1999).

"A court considering a claim of ineffective assistance of counsel must apply a 'strong presumption' that counsel's representation was within the 'wide range' of reasonable professional assistance." *Harrington v. Richter*, 562 U.S. 86, 131 S. Ct. 770, 787 (2011) (quoting *Strickland*, 466

6

U.S. at 689). Petitioner must show "that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." *Strickland*, 466 U.S. at 687.

On appeal from the denial of petitioner's post-conviction motion, the Missouri Court of Appeals, Western District, found that the motion court's judgment was supported by the record, explaining:

> The motion court did not err. [Petitioner]'s claim that his attorney misled him into believing he could not be sentenced to more than fifteen years is contradicted by the record of the plea hearing, as well as by testimony given at the motion hearing. At the plea hearing, the plea court adduced that it had explained an open plea to [petitioner], and [petitioner] agreed. [Petitioner] testified not once, not twice, but three times, that he knew the range of punishment on the open plea was five years to life imprisonment. He stated he understood that neither the court nor the attorneys knew at that time what his punishment would be at sentencing.
>
> In the motion hearing, [petitioner] claimed that at the time of his plea he "was not completely clear on what the range of punishment pertained," that he did not know he could receive life imprisonment, and that he did not recollect the plea court telling him the range of his possible sentence. However, when asked if the plea court explained the range of punishment, [petitioner] stated that he was "sure that [the court] did" and he admitted he "knew it was possible" that he would receive more than fifteen years. By his own admission at the motion hearing, [petitioner] demonstrates the lack of merit in his claim of an involuntary and unknowing plea. Further, plea counsel testified that he discussed the meaning of an open plea with [petitioner] and the range of punishment for the charge. The motion court is "free to believe or disbelieve the testimony of any witness, including that of the movant," and the motion court's judgment clearly indicates its reliance on plea counsel's testimony as opposed to [petitioner]'s statements.

Resp. Ex. J at 6.

The deference owed to the state trial court pursuant to § 2254(e)(1) includes deference to its credibility determinations, and a federal court can only grant habeas relief if the state court's credibility determinations were objectively unreasonable based on the record. *Smulls v. Roper,* 535 F.3d 853, 864 (8th Cir. 2008), *cert. denied,* 556 U.S. 1168 (2009). The decision of the Missouri Court of Appeals is reasonable and, therefore, also is entitled to deference under § 2254(d).

Petitioner's representations at the guilty plea hearing, moreover, carry a strong degree of verity and pose "a formidable barrier in any subsequent collateral proceedings." *Blackledge v. Allison*, 431

U.S. 63, 73 (1977). "[A] determination of a factual issue made by a State court shall be presumed to be correct," and petitioner "shall have the burden of rebutting the presumption by clear and convincing evidence." 28 U.S.C. § 2254(e)(1). The statutory presumption "is particularly proper [in cases involving the voluntariness of a guilty plea] in light of the state trial court's ability to judge the defendant's credibility and demeanor at the plea hearing and the fact that '[m]ore often than not a prisoner has everything to gain and nothing to lose from filing a collateral attack upon his guilty plea.'" *Weeks v. Bowersox*, 119 F.3d 1342, 1352 (8th Cir. 1997) (quoting *Blackledge*, 431 U.S. at 71).

Petitioner has failed to proffer clear and convincing evidence that his guilty plea was not voluntary, knowing, and intelligent. *See Hunter v. Bowersox*, 172 F.3d 1016, 1022 (8th Cir. 1999). The motion court was entitled to believe the testimony of guilty plea counsel and the statements made on the record in contrast to petitioner's testimony. Because the state courts' determinations did not result in "a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States" or in "a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding," *see* 28 U.S.C. §2254(d)(1) and (2); Mo. Rev. State § 558.021(1)(3), Ground 2 will be denied.

### **A CERTIFICATE OF APPEALABILITY WILL BE DENIED**

Under 28 U.S.C. § 2253(c), the Court may issue a certificate of appealability only "where a petitioner has made a substantial showing of the denial of a constitutional right." To satisfy this standard, a petitioner must show that a "reasonable jurist" would find the district court ruling on the constitutional claim(s) "debatable or wrong." *Tennard v. Dretke*, 542 U.S. 274, 276 (2004). Because petitioner has not met this standard, a certificate of appealability will be denied. *See* 28 U.S.C. § 2254, Rule 11(a).

Accordingly, it is **ORDERED** that:

8

(1) the petition for writ of habeas corpus is denied;

(2) the issuance of a certificate of appealability is denied; and

(3) this case is dismissed with prejudice.

/s/ Beth Phillips  
BETH PHILLIPS  
UNITED STATES DISTRICT JUDGE

Kansas City, Missouri,

Dated:  December 12, 2014.